Eugenio YANTAS–CHUCO, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04–70231.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.**

Decided July 22, 2005.

Sarah J.M. Jones, Law Offices of Sarah J.M. Jones, San Francisco, CA, for Petitioner.

Elise S. Feldman, OIL, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON, and BYBEE, Circuit Judges.

MEMORANDUM ***

Eugenio Yantas–Chuco, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' decision dismissing his appeal from an immigration judge's denial of his applications for asy-

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

lum and for withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the immigration judge's factual findings for substantial evidence. *Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir.2005).[1] We deny the petition for review.

■ Substantial evidence supports the immigration judge's determination that Yantas–Chuco was not previously persecuted by the Shining Path. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Yantas–Chuco's two encounters with the Shining Path do not rise to the level of persecution. *See Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir.2004) (en banc); *see also Nahrvani v. Gonzales*, 399 F.3d 1148, 1153–54 (9th Cir.2005) (noting that most threats do not rise to the level or persecution, and holding that finding of past persecution was not compelled by harassment, property damage, telephonic death threat, and other threats); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003) (harassment, threats, and one beating unconnected with any particular threat did not compel finding of past persecution); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) ("Threats themselves are sometimes hollow and, while uniformly unpleasant, often do not effect significant actual suffering or harm.").

■ The immigration judge's determination that Yantas–Chuco failed to demonstrate a reasonable fear of future persecution upon his return to Peru is also supported by substantial evidence. In light of Yantas–Chuco's continued residence in Peru without harassment or threats for almost three years following his initial encounter with the Shining Path, we cannot say a finding of a well-founded fear of future persecution is compelled. *See, e.g., Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir.1991). Moreover, the evidence suggests Yantas–Chuco may be able to safely relocate elsewhere in Peru. *See* 8 C.F.R. § 208.13(b)(3)(i); *Cardenas v. INS*, 294 F.3d 1062, 1067 (9th Cir.2002).

Because he failed to establish eligibility for asylum, Yantas–Chuco necessarily failed to qualify for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

1. To the extent the BIA's decision incorporates the decision of the IJ as its own, the court treats the IJ's statement of reasons as the BIA's and reviews the IJ's decision. *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 n. 3 (9th Cir.2004); *Gonzalez v. INS*, 82 F.3d 903, 907 (9th Cir.1996).

